UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONNIE ROSE PETERSON,

    Plaintiff,

v.                                      CASE No. 8:08-CV-1341-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails adequately to address all of the plaintiff's impairments, the decision will be reversed and the matter remanded for further consideration.

### I.

The plaintiff, who was forty years old at the time of a second administrative hearing and who has a ninth grade education, has worked as

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

a cashier and a citrus worker (Tr. 114, 118, 317). She filed a claim for supplemental security income payments, alleging that she became disabled due to chronic obstructive pulmonary disease and congestive heart failure (Tr. 113). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of chronic obstructive pulmonary disease and obesity (Tr. 41). He concluded that these impairments restricted the plaintiff to substantially all of the full range of sedentary work (<u>id</u>.). He concluded that these limitations prevented the plaintiff from returning to past work (<u>id</u>.). However, based upon the plaintiff's residual functional capacity, her age and her education, the law judge concluded that the medical-vocational guidelines indicated that there were jobs in significant numbers in the national economy that the plaintiff could perform (<u>id</u>.). The law judge therefore decided that the plaintiff was not disabled (<u>id</u>.).

Upon the plaintiff's request for review, the Appeals Council remanded the matter for another hearing (Tr. 76). Among other things, the Appeals Council pointed out that the law judge's decision failed to address

the severity of all of the plaintiff's impairments, including drug dependence, Pickwickian Syndrome, cor pulmonale, congestive heart failure, and sleep disorder (id.).

Upon remand, the same law judge conducted another hearing, at which the plaintiff and a vocational expert testified (see Tr. 314). In his second decision, the law judge found that the plaintiff has severe impairments of "chronic obstructive pulmonary disease, obstructive sleep apnea and obesity" (Tr. 26). The law judge concluded that, in light of these impairments, the plaintiff had the residual functional capacity to stand and walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday (Tr. 27). Further, the law judge determined that the plaintiff could lift ten pounds performing simple routine tasks on a sustained basis with occasional limitations in climbing, balancing, stooping, kneeling, crouching, and crawling, and must avoid moderate exposure to fumes, odors, and gases (id.). He ruled that these restrictions prevented the plaintiff from returning to prior work (id.). The law judge, citing the testimony of the vocational expert, concluded that, despite the plaintiff's functional limitations, she could perform work that exists in significant numbers in the national economy,

such as food and beverage clerk and surveillance system monitor (id.). Accordingly, the law judge decided that the plaintiff is not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, an Appendix 1 listing (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 416.920(g).

III.

The plaintiff asserts several arguments in her appeal of the law judge's second decision. One of those contentions has merit.

The plaintiff contends that the law judge failed to mention in his decision her impairments of obesity hypoventilation syndrome (OHS) consistent with Pickwickian Syndrome, and acute and chronic respiratory acidosis secondary to restrictive lung disease (Doc. 17, p. 10). The law judge did not discuss either diagnosis in his opinion.

This omission violates the basic principle that the law judge "must state specifically the weight accorded each item of evidence and the reasons for his decision" on such evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986); Vega v. Commissioner of Social Security, 265 F.3d 1214, 1219 (11th Cir. 2001) ("remands are required when an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis"). Moreover, the law judge must consider the combined effects of impairments and make specific and well-articulated findings regarding those effects. Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987). The

law judge's failure to address this medical evidence constitutes reversible error.

On April 12, 2004, the plaintiff was admitted to Winter Haven Hospital (Tr. 208). The attending physician, Dr. Gary R. Johnson, diagnosed her with mild congestive heart failure (Tr. 180). The plaintiff was then referred to pulmonary specialist Dr. John Forman to evaluate her respiratory status while she was in the hospital. Dr. Forman saw her two times during her three-day stay and diagnosed, among other things, "[m]assive obesity with obesity hypoventilation syndrome consistent with Pickwickian syndrome," and "[a]cute and chronic respiratory acidosis secondary to restrictive lung disease from the obesity" (Tr. 186). Moreover, Dr. Forman required oxygen to be placed in the plaintiff's home before she could be discharged (Tr. 206). The law judge discusses those medical records (Tr. 19-20), but does not mention, much less evaluate, Dr. Forman's diagnosis (id.). See Luckey v. Astrue, 2009 WL 1362988 (11th Cir. 2009).

The plaintiff asserts (Doc. 17, pp. 10-11):

> Obesity Hypoventialiton Syndrome (OHS) is "a condition that occurs in obese people, in which poor breathing leads to lower oxygen level and higher carbon dioxide levels in the blood ... OHS is

-8-

> believed to result from both a defect in the brain's control over breathing, and excessive weight (due to obesity) against the chest wall, which makes it hard for a person to take a deep breath. As a result, the blood has too much carbon dioxide and not enough oxygen. People with OHS are often tired due to sleep loss, poor sleep quality and chronic hypoxia..[.]"

The plaintiff notes that OHS is also referred to as "Pickwickian Syndrome" (id., p. 11 n. 4). Dr. Mahesh Allam has diagnosed the plaintiff with Pickwickian Syndrome (Tr. 256). Further, another pulmonary specialist, Dr. Perwaiz H. Rahim, stated the diagnostic impression of "OSA/OHS," indicating Obstructive Sleep Apnea along with OHS (Tr. 271). Dr. Rahim also reported that the plaintiff complained of "positive unusual fatigue" (Tr. 263).

In short, the plaintiff has been diagnosed as suffering from OHS or Pickwickian Syndrome by three doctors. The law judge, however, did not evaluate that impairment. His failure to do so contravenes Gibson v. Heckler, supra.

Notably, the Commissioner does not assert that the law judge addressed impairments of OHS or Pickwickian Syndrome. Rather, he contends, by lumping these conditions in with impairments that the law judge

did consider, but found not severe, that the law judge did not err at step two of the sequential analysis, because he went past that step with respect to other impairments (Doc 18, pp. 8-9). That response, however, misses the point. Under Gibson v. Heckler, supra, the law judge was required to evaluate the diagnoses of OHS and Pickwickian Syndrome and determine whether those conditions are non-existent, non-severe, or severe. Furthermore, the law judge must provide reasons for that determination. And if the conditions are severe, he must identify the functional limitations that are caused by the impairments. These requirements are not satisfied, or rendered inapplicable, merely because the law judge moved past step two of the sequential analysis. Thus, a proper evaluation of OHS or Pickwickian Syndrome could result in functional limitations in addition to those found by the law judge. The law judge's failure to perform such an evaluation therefore constitutes reversible error.

The plaintiff makes a similar argument regarding Dr. Forman's diagnosis of respiratory acidosis, which she asserts is a condition that occurs when the lungs cannot remove all of the carbon dioxide the body produces (Doc. 17, pp. 13-14). Unlike OHS, other doctors did not make such a

diagnosis. Whether Dr. Forman's diagnosis, by itself, would support a remand need not be decided in view of the prior conclusion that a remand is warranted. Nevertheless, on remand the Commissioner would be well-advised to address the diagnosis of respiratory acidosis.

Moreover, in light of the remand, the plaintiff's other contentions need only be briefly addressed. In general, they are unpersuasive.

The plaintiff challenges the law judge's finding that the plaintiff's conditions of congestive heart failure and cor pulmonale are non-severe impairments (id., pp. 14-15). However, the law judge appropriately discussed those impairments and concluded that they were not severe (Tr. 22). He explained (id.):

> The evidence shows that the claimant has a diagnosis also for congestive heart failure and cor pulmonale. The claimant was treated at Winter Haven Hospital. However, her EKG was normal. Her heart rate was regular with normal sounds at S1, S2. In fact, an echocardiogram gram [sic] showed only mild left atrial enlargement, otherwise, normal echocardiogram.... She has never ... had any other treatment from a cardiologist for this diagnosis.

The law judge added that Dr. Morris Kutner, an examining physician, did not find that the plaintiff had congestive heart failure (id.).

Under these circumstances, the law judge could reasonably find that the plaintiff's congestive heart failure and cor pulmonale were not severe impairments.

Moreover, as to these impairments, the Commissioner's argument is well-taken that any error in finding that the impairments are not severe is harmless since the law judge went past step two of the sequential analysis. The plaintiff has not pointed to any evidence that compels a finding that the impairments of congestive heart failure and cor pulmonale caused greater functional limitations than found by the law judge.

The plaintiff also challenges the law judge's credibility determination (Doc. 17, pp. 15-17). That challenge is appropriately pretermitted in light of the remand for the evaluation of other impairments. That evaluation may well change the credibility determination.

Finally, the plaintiff contends that the law judge erred in concluding that the plaintiff did not meet an Appendix 1 listing (id., p. 17). This contention is based upon a form submitted by Dr. Rahim. Thus, Dr. Rahim checked a box on a form next to the statement "Yes, Ms. Peterson meets listing(s) ___." The doctor, however, left the space blank and did not

even indicate why he felt that a listing was met. The form simply states "[p]atient has mild COPD ... [p]atient has OSA, currently on CPAP therapy" (Tr. 306). The law judge appropriately considered this conclusory opinion and reasonably decided to give it very little weight (Tr. 23). See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Moreover, the plaintiff seems to acknowledge in her argument that the plaintiff did not actually meet a listing (Doc. 17, pp. 17-19).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further proceedings. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of June, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE